IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALVIN J. GILLYARD,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY F. GEITHNER, Secretary of the United States Department of the Treasury,<br><br>Defendant. | : | CIVIL ACTION<br>NO. 12-125-ER |

M E M O R A N D U M

EDUARDO C. ROBRENO, J. JUNE 5, 2012

## I. INTRODUCTION

Plaintiff Alvin J. Gillyard ("Plaintiff") brings this action under Title VII of the Civil Rights Act of 1964 alleging race discrimination against Defendant Timothy F. Geithner, Secretary of the U.S. Department of the Treasury ("Defendant"). Plaintiff avers that as an employee of the United States Mint located in Philadelphia, Pennsylvania, Defendant engaged in race-based discrimination against him by terminating Plaintiff during a reduction in force and also by failing to hire Plaintiff back for several positions for which he qualified. In his Complaint, Plaintiff pleads two counts: (1) violation of Title VII for race discrimination; and (2) violation of Title VII for raced-based retaliation. Defendant responded with a Motion to Dismiss

Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to exhaust administrative remedies.

For the reasons that follow, the Court will grant Defendant's Motion and dismiss Plaintiff's Complaint without prejudice.

## II. BACKGROUND[1]

Plaintiff, who is African-American, is a former United States Mint employee having begun his employment on November 16, 1998, as a Material Expediter in Philadelphia, Pennsylvania. Pl.'s Compl. ¶ 8, ECF No. 1. Plaintiff avers Defendant terminated him in January 2002 as part of a reduction in force ("RIF"). Id. ¶ 9. Defendant recalled Plaintiff in March 2004 to a temporary two-year appointment. Id. ¶ 10. Upon his return, Plaintiff learned he had had "bumping rights" over two Caucasian Material Expediters at the time of the RIF — that is, Plaintiff had seniority over those two employees, and Defendant should not have terminated Plaintiff. Id. ¶ 11. After discovering this information, Plaintiff complained to Adrian Crosby, Defendant's Equal Employment Opportunity ("EEO") counselor, about this alleged discriminatory treatment. Id. ¶ 13. Plaintiff avers

[1] **In accordance with the appropriate standard of review, see infra Part III, the Court takes the facts in this section from Plaintiff's Complaint and assumes their truth.**

that Crosby looked into his complaint, but did not file a formal EEO complaint on Plaintiff's behalf. Id. Crosby did not contact Plaintiff about his complaint or have any further communication apprising Plaintiff of his rights.

In 2007, Plaintiff obtained a Heat Treater position with Defendant. Id. ¶ 15. This was a temporary position, and although Plaintiff applied for other permanent positions, his efforts were unavailing. Id. ¶ 15. After Defendant denied one of Plaintiff's applications for a permanent position, Plaintiff and about seven other African-American employees filed a complaint of race discrimination with Defendant's Office of Special Counsel-Merit Protection Board. Id. ¶ 16. Plaintiff was the spokesperson for this group. Id. In January 2008, Defendant dismissed the group complaint. Id. ¶ 18. Thereafter, Plaintiff applied for a job with Defendant in Denver, Colorado. Id. ¶ 19. Defendant offered Plaintiff the job, but then withdrew this offer because Plaintiff had not registered for selective service. Id. In March 2008, Defendant laid off Plaintiff from his temporary Heat Treater position. Id. ¶ 22.

Plaintiff then applied for four jobs with Defendant, but to no avail: (1) on April 15, 2008, Defendant rejected Plaintiff's application for the position of Material Handler Operator; (2) on December 22, 2008, Defendant rejected Plaintiff's application for the position of Metal Forming Machine

Operator; (3) on January 7, 2009, Defendant rejected Plaintiff's application for the position of Coining/Weighing/Kuster Machine Operator; and (4) on November 16, 2010, Defendant rejected Plaintiff's application for the position of Metal Forming Machine Operator. Id. ¶¶ 23-25. Plaintiff avers that Defendant's refusal to hire him was retaliation for his previous allegations of discrimination.

On February 19, 2009, Plaintiff filed a complaint of discrimination with the Department of the Treasury based on Defendant's rejection of Plaintiff's applications for Material Handler Operator, Metal Forming Machine Operator, and Coining/Weighing/Kuster Machine Operator. Plaintiff requested a hearing. This hearing was held before Administrative Law Judge ("ALJ") Jeanne M. L. Player on December 28, 2009. On October 3, 2011, ALJ Player issued her decision granting Defendant summary judgment and finding no discriminatory retaliation. Within her opinion, ALJ Player indicated that Plaintiff moved to amend his complaint to include Defendant's rejection of the Metal Forming Machine Operator position. ALJ Player denied Plaintiff's motion, but directed Defendant as follows: "[U]pon receipt of [the decision], the agency should process this claim and a new claim according to the applicable regulations, providing notice to the complainant of the information he must provide for the formal complaint and investigation." Decision Granting Summ. J.

Pursuant to 29 CFR § 1614.109(g) 3, Def.'s Mot. to Dismiss Ex. 3, ECF No. 3. On March 13, 2011, the Department of the Treasury issued a final order implementing ALJ Player's decision and advised Plaintiff of his right to appeal to the EEO Commission or file a civil complaint in a United States District Court.[2] See Dep't of the Treasury Final Order, Def.'s Mot. to Dismiss Ex. 4.

On November 17, 2011, Plaintiff appealed ALJ Player's decision. On January 11, 2012, Plaintiff filed the instant lawsuit and withdrew his administrative appeal. See ECF No. 1. In his Complaint, Plaintiff claims that Defendant discriminated against him on the basis of race when terminating Plaintiff during the RIF. Pl.'s Compl. ¶¶ 26-28. Plaintiff also claims that Defendant retaliated against him on the basis of race by rejecting Plaintiff's applications for various positions for which he qualified. Id. ¶¶ 29-31. Defendant filed a motion to dismiss arguing that Plaintiff failed to exhaust his administrative remedies for both of his claims. ECF No. 3.

---

[2] This final order did not discuss or list Defendant's November 16, 2010, rejection of Plaintiff's application for the Metal Forming Machine Operator position. See Dep't of the Treasury Final Order, Def.'s Mot. to Dismiss Ex. 4, ECF No. 3. The Court is not aware of any other administrative action with respect to Defendant's rejection of Plaintiff's application for the Metal Forming Machine Operator position.

Plaintiff responded in opposition. ECF No. 6. The Court held oral argument. The motion is now ripe for disposition.

**III. STANDARD OF REVIEW**

A party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering such a motion, the Court must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." DeBenedictis v. Merrill Lynch & Co., Inc., 492 F.3d 209, 215 (3d Cir. 2007) (internal quotation marks removed). To withstand a motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. Although a plaintiff is entitled to all reasonable inferences from the facts alleged, a plaintiff's legal conclusions are not entitled to deference and the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

The pleadings must contain sufficient factual allegations so as to state a facially plausible claim for relief.

See, e.g., Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). In deciding a Rule 12(b)(6) motion, the Court is to limit its inquiry to the facts alleged in the complaint and its attachments, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon these documents.[3] See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

## IV. DISCUSSION

Title VII requires all plaintiffs to first exhaust their administrative remedies before bringing suit in federal court. See Freed v. Consol. Rail Corp., 201 F.3d 188, 191 (3d

---

[3] In this case, Defendant puts forth several administrative documents for the Court to consider. Plaintiff does not dispute the authenticity of such documents and Plaintiff bases his claims, in part, on such documents because he avers that he timely exhausted his administrative remedies. See Pl.'s Compl. ¶ 5. Therefore, the Court will consider these documents in deciding Defendant's Motion to Dismiss. See Ruddy v. U.S. Postal Serv., 455 F. App'x 279, 283 (3d Cir. 2011)

Cir. 2000). Defendant argues that Plaintiff failed to exhaust his administrative remedies for both his claims — discrimination during the 2002 RIF and retaliation. The Court addresses each claim in turn.

A. Dismissal of Count One - Discrimination During RIF

Defendant argues that Plaintiff failed to bring a charge of discrimination based upon the 2002 RIF within forty-five days of Plaintiff's termination as required by 29 C.F.R. § 1614.105(a)(1).[4] In particular, Defendant argues that Plaintiff knew that Defendant terminated him in January 2002, but did not contact his EEO counselor until 2004. And because Plaintiff knew of his "injury" of termination in 2002, but Plaintiff did not complain to the EEO counselor until 2004, Plaintiff missed the forty-five day deadline under § 1614.105(a)(1).

---

[4] This regulation provides:

> (a) Aggrieved persons who believe they have been discriminated against on the basis of race, color, religion, sex, national origin, age, disability, or genetic information must consult a Counselor prior to filing a complaint in order to try to informally resolve the matter.
>
> > (1) An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action.

Pre-complaint Processing, 29 C.F.R. § 1614.105(a)(1) (2012).

It is true that in order for Plaintiff, as a federal employee, to exhaust his administrative remedies he must have, inter alia, contacted an EEO counselor within forty-five days of the alleged discriminatory action before filing a complaint. See Pre-complaint Processing, 29 C.F.R. § 1614.105(a)(1) (2012). And it is undisputed that Plaintiff did not contact his EEO counselor forty-five days after Defendant terminated him in 2002.

Plaintiff may, however, have this forty-five day time limit tolled. Pertinent here, § 1614.105(a)(2) provides:

> The agency or the Commission shall extend the 45-day time limit in paragraph (a)(1) of this section when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have been known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

Id. § 1614.105(a)(2). In accordance with this tolling regulation, Plaintiff argues that he did not know that when Defendant terminated him in 2002 he had "bumping rights" over two Caucasian employees, or that Defendant should have terminated one of those Caucasian employees during the 2002 RIF. Therefore, he did not know and could not have known about the alleged discrimination in 2002.

Plaintiff's Complaint contains the following averments with respect to the 2002 RIF and his subsequent discovery that he had "bumping rights" over two Caucasian employees:

> 9. In or about January 2002, Plaintiff was subjected to Reduction in Force (RIF).
>
> 10. In or about March 2004, Defendant recalled Plaintiff and placed Plaintiff in a temporary position, 2-year appointment.
>
> 11. Upon Plaintiff's return, Plaintiff discovered that Plaintiff should not have been RIFed because Plaintiff had bumping rights over two Caucasian Material Expediters, Kenny Allen and Crawford, who had less seniority than Plaintiff, but Defendant failed to advise Plaintiff of his bumping rights over these two Caucasian comparators.

Pl.'s Compl. ¶¶ 9-11. The standard under § 1614.105(a)(2) is whether Plaintiff "did not know and <u>reasonably</u> <u>should</u> <u>not</u> <u>have</u> [] <u>known</u> that the discriminatory matter or personnel action occurred." 29 C.F.R. § 1614.105(a)(2) (emphasis added). Plaintiff's Complaint fails to plead any facts to allow the Court to plausibly infer that he reasonably should not have known of the discriminatory termination. Plaintiff does not allege that he attempted to find out why Defendant terminated him in 2002, such as an investigation about whether he had some kind of seniority over other workers that Defendant did not terminate. <u>See</u> <u>Miller v. Hersman</u>, 594 F.3d 8, 12 (D.C. Cir. 2010) ("[T]o toll the 45-day limitation period under regulation 1614.105(a)(2), the plaintiff has a responsibility, when

possible, to further investigate a personnel action in order to determine whether the action was discriminatory.”); Caprio v. Peters, 345 F. App’x 824, 827-28 (3d Cir. 2009) (holding that plaintiff must demonstrate lack of awareness as to defendant’s motivation for termination was reasonable). Plaintiff simply provides no facts for the Court to consider, let alone conclude, that Plaintiff met the forty-five day tolling standard under § 1614.105(a)(2).[5]

---

[5] Even assuming Plaintiff satisfies the forty-five day tolling standard under § 1614.105(a)(2), after contacting his EEO counselor in 2004 Plaintiff took no action to protect his rights until, at the earliest, 2008. The length of time from the alleged discrimination to the filing of the Complaint troubles the Court and brings to bear the equitable doctrine of laches. See Nat’l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 121-22 (2002) (stating employers may raise laches defense in employment discrimination cases); see also Brzozowski v. Corr. Physician Servs., Inc., 360 F.3d 173, 181 (3d Cir. 2004) (same). “This defense requires proof of (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense.” Nat’l R.R. Passenger, 536 U.S. at 121-22 (internal quotation marks omitted). Defendant argued that Plaintiff’s conduct in this case meets at least the first prong of this defense at oral argument. See Mot. to Dismiss Hr’g Tr. 10:1-6, May 15, 2012 (“[A]t some point our position is that if he, in fact, did go to a counselor as he says, and says I have been the victim of discrimination, file a complaint and nothing ever happens, then he has a duty to pursue and prosecute the claim that he believes he has.”). Yet, Defendant failed to articulate any prejudice from Plaintiff’s inaction. The Court declines to consider this defense at this time, however, as it is premature to do so. Plaintiff must first provide enough facts to plausibly show he is entitled to the forty-five day tolling under § 1614.105(a)(2).

Accordingly, the Court will dismiss Count One without prejudice. Plaintiff is granted leave to file an amended complaint in order to provide sufficient facts for the Court to plausibly infer he exhausted his administrative remedies.

B. Dismissal of Count Two – Retaliation

Defendant argues that Plaintiff's claim for retaliation must also be dismissed for failure to exhaust administrative remedies. Specifically, Defendant argues that Plaintiff did not wait until his administrative appeal was final before filing the instant lawsuit. Thus, there was no final adjudication regarding Count Two, and the Court must dismiss this count as prematurely filed because Plaintiff did not wait 180 days after filing his appeal to file this civil action.

Title 29 C.F.R. § 1614.407 provides the time limits for an employee alleging discrimination under Title VII, the Age Discrimination in Employment Act ("ADEA"), and the Rehabilitation Act to file a civil action. Specifically, it provides:

> A complainant who has filed an individual complaint, an agent who has filed a class complaint or a claimant who has filed a claim for individual relief pursuant to a class complaint is authorized under title VII, the ADEA and the Rehabilitation Act to file a civil action in an appropriate United States District Court:
>
> (a) Within 90 days of receipt of the final action on an individual or class complaint if no appeal has been filed;

> (b) After 180 days from the date of filing an individual or class complaint if an appeal has not been filed and final action has not been taken;
>
> (c) Within 90 days of receipt of the Commission's final decision on an appeal; or
>
> (d) After 180 days from the date of filing an appeal with the Commission if there has been no final decision by the Commission.

Civil Action: Title VII, Age Discrimination in Employment Act and Rehabilitation Act, 29 C.F.R. § 1614.407 (2012). Plaintiff argues that the agency issued its final decision on October 13, 2011. Although Plaintiff filed an appeal on November 17, 2011, he withdrew this appeal and filed suit on January 11, 2012. Thus, Plaintiff argues that the final decision on October 13, 2011, was the final administrative action because Plaintiff withdrew his appeal. And, as Plaintiff filed his complaint within ninety days of the October 13, 2011, "final decision," he complied with § 1614.407. Therefore, he exhausted his administrative remedies.

Plaintiff is incorrect. The ninety-day deadline is for when "no appeal has been filed" or when the Commission issues a final decision on the appeal. Id. §§ 1614.407(a), (c). The only regulation that discusses a pending appeal is subsection (d). This subsection allows a plaintiff to file a civil complaint 180 days after filing an appeal if that appeal is still pending on the 180th day. Id. § 1614.407(d). Nowhere in the regulation

does it permit Plaintiff to withdraw his appeal and then proceed under subsection (a) or (c) without some final action from the Commission.

Plaintiff argues that there is no statute or regulation that prevents him from withdrawing his appeal and then filing suit. There is no need for such a statute or regulation because § 1614.407 is clear that once an appeal is filed, regardless of whether Plaintiff withdraws his appeal or not, Plaintiff must wait at least 180 days after filing if there has been no final action from the Commission. Indeed, while the Third Circuit has not spoken on the issue, other courts hold that a plaintiff may not withdraw his appeal and proceed to file a civil action in an attempt to bypass administrative deadlines. See, e.g., Morris v. Jackson, No. 11-701, --- F. Supp. 2d ----, 2012 WL 362042, at *4 (D.D.C. Feb. 6, 2012) (holding that "[a] voluntary dismissal cannot be used to circumvent the requirement of exhaustion"); Noisette v. Geithner, 693 F. Supp. 2d 60, 69 (D.D.C. 2010) (rejecting argument that withdrawing appeal allows plaintiff to file civil suit without waiting 180 days or until disposition of appeal). The Court agrees. To allow Plaintiff to withdraw his appeal and file a civil complaint outside of the specified time limits of § 1614.407 would undermine the administrative process.

Moreover, Plaintiff's citation to 29 C.F.R. § 1614.409 in support of his argument is equally unavailing. That

regulation provides, "Filing a civil action under § 1614.408 or § 1614.409 shall terminate Commission processing of the appeal.  If private suit is filed subsequent to the filing of an appeal, the parties are requested to notify the Commission in writing."[6] Effect of Filing a Civil Action, 29 C.F.R. § 1614.409 (2012).  Plaintiff is incorrect that this regulation provides textual support for his argument that the filing of his suit here was not premature.  While the filing of an action under § 1614.409 may terminate the Commission processing of an appeal, it is still not a final action for purposes of exhaustion.  Title 29 C.F.R. § 1614.405(a) provides, "The Office of Federal Operations, on behalf of the Commission, shall issue a written decision setting forth its reasons for the decision.  The Commission shall dismiss appeals in accordance with §§ 1614.107, 1614.403(c) and

---

[6] The regulations were restyled in 1999, and this restyling renumbered the current § 1614.408 as § 1614.407.  See Fed. Sector Equal Employ't Opportunity, 64 Fed. Reg. 37644-01, 37659 (July 12, 1999) (to be codified at 29 C.F.R. §§ 1614.407-409).  Section 1614.410 was renumbered as § 1614.409.  The references within current § 1614.409 to § 1614.408 and § 1614.409 were not changed, however, to reflect the renumbering.  Therefore, it is understood that the current § 1614.409 actually refers to the filing of complaints under § 1614.407 and § 1614.408, not § 1614.408 and § 1614.409, as terminating the processing of an appeal.  See Lunday v. Kempthorn, No. 07-00084, 2010 WL 3521729, at *4 n.1 (D.N.D. Sept. 2, 2010) (citing Smith v. Potter, 445 F.3d 1000, 1004 (7th Cir. 2006)).

1614.410."[7]  Decisions on Appeals, 29 C.F.R. § 1614.405(a) (2012).  Moreover, "[a] decision issued under [§ 1614.405(a)] is final within the meaning of § 1614.407 unless the Commission reconsiders the case."  Id. § 1614.405(b).  Therefore, the Commission must formally dismiss an appeal before there is a final action so a plaintiff may proceed to file suit within ninety days after that final action pursuant to § 1614.407(a).  Accordingly, the action does not become final without this formal dismissal, and a plaintiff may not circumvent the 180-day moratorium on filing a civil action without first waiting for this formal dismissal.

     In this case, the Commission did not dismiss Plaintiff's appeal in writing until March 30, 2012.  Therefore, the clock began to run on Plaintiff's ninety-day time limit to file an action on March 30, 2012.  Plaintiff's filing of a complaint on January 11, 2012, before this final decision, is governed by § 1614.407(d).  Under that subsection, Plaintiff's filing is premature because he filed his appeal on November 17, 2011, and he had to wait until May 15, 2012 — 180 days after filing his appeal — before filing suit.  Therefore, the Court will dismiss Count Two without prejudice as Plaintiff filed the

---

[7] Again, due to the renumbering, reference here to 29 C.F.R. § 1614.410 is in actuality a reference to § 1614.409.

instant suit prematurely. As the March 30, 2012, administrative action was the final administrative action in this case, see 29 C.F.R. § 1614.405(b), Plaintiff has until June 28, 2012, to file a civil action. See 29 C.F.R. § 1614.407(c). Plaintiff is granted leave to file an amended complaint within the ninety-day time limit under § 1614.407(c).

## V. CONCLUSION

For the reasons above, the Court will grant Defendant's Motion to Dismiss. Plaintiff is granted to leave to file an amended complaint consistent with this Memorandum Opinion. An appropriate order will follow.